O
FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUL 21 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA NEGRETTE,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 08-0737 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR PAYMENT OF BENEFITS |

Plaintiff filed a Complaint herein on June 6, 2008, seeking review of the Commissioner's denial of her application for Supplemental Security Income benefits. The parties subsequently stipulated to a voluntary remand pursuant to sentence six of 42 U.S.C. § 405(g). On May 8, 2009, pursuant to the parties' stipulation, the Court ordered the case reopened. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on July 16, 2009. Thus, this matter now is ready for decision.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined (continued...)

1

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal are as follows:

1. Whether the Administrative Law Judge ("ALJ") complied with the district court's remand order requiring the ALJ to consider the treating doctor's opinion.

2. Whether the ALJ properly considered lay witness testimony of Debbie Musillo.

3. Whether the ALJ complied with Social Security Ruling ("SSR") 96-7p regarding the type, dosage, effectiveness, and side effects of plaintiff's medications.

4. Whether the ALJ posed a complete hypothetical to the Vocational Expert.

**DISCUSSION**

With respect to Disputed Issue No. 3, for the reasons stated by the Commissioner (see Jt Stip at 13-14), the Court finds and concludes that reversal is not warranted based on the ALJ's alleged failure to comply with SSR 96-7p regarding the type, dosage, effectiveness, and side effects of plaintiff's medications.

With respect to Disputed Issue No. 1, the Court concurs with plaintiff that the ALJ failed to comply with the Court's May 23, 2007 order, entered pursuant to the parties' stipulation for remand, to specifically address and weigh the medical report found at AR 164-66 consistent with controlling law. Indeed, the Commissioner does not contend otherwise. (See Jt Stip at 6). Although the Commissioner contends that

---

[1](...continued)
which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

the ALJ's error was harmless (see Jt Stip at 6-8), the Court disagrees.[2] The fact that Dr. Chung's treating source opinions were "inconsistent with all the other credible source opinions of record, including a medical expert" is not in itself a sufficient reason to reject Dr. Chung's opinions, but rather is merely determinative of the governing standard for doing so.

With respect to Disputed Issue No. 2, for the reasons stated by plaintiff (see Jt Stip at 9-10, 11-12), the Court concurs with plaintiff that the ALJ mischaracterized portions of Ms. Musillo's testimony and that his discussion does not constitute proper consideration of her lay testimony, which the Court also had ordered the ALJ to do. If the ALJ was going to reject the portions of Ms. Musillo's testimony that were inconsistent with the ability to perform work activities on a regular and continuing basis,[3] he needed to provide specific reasons germane to her testimony for doing so. See, e.g., Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Smolen v. Chater, 80 F.3d 1273, 1288-89 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

The Court's findings and conclusions with respect to Disputed Issue Nos. 1 and 2 renders it unnecessary to address Disputed Issue No. 4.

## Order

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888

---

[2] Indeed, the Court is unable to reconcile the Commissioner's current contention that the error was harmless with the Commissioner's willingness to enter into the original stipulation to remand.

[3] SSR 98-6p defines "regular and continuing basis" as meaning "8 hours a day, for 5 days a week."

F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, supra. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Ninth Circuit also has held that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) ; see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[4]; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988); Lester, 81 F.3d at 834; Pitzer v. Sullivan, 980 F.2d 502, 506 (9th Cir. 1990); Smolen, 80 F.3d at 1292; Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989). Under the foregoing authorities, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom

---

[4] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

testimony, but also to lay witnesses' improperly discredited testimony, and to improperly discredited opinions of a treating or examining physician.

Here, the Court has found that the ALJ failed to properly reject the opinions of one of plaintiff's treating physicians regarding plaintiff's functional limitations and failed to properly consider a lay witness's testimony. To be sure, Ms. Musillo's testimony was too equivocal to be dispositive of the disability issue. However, if Dr. Chung's opinions regarding plaintiff's sit and stand/walk limitations, her need to take unscheduled breaks five times a day, and her anticipated absence from work more than three times a month were fully credited, there would be no outstanding issues to be resolved because the ALJ would be required to find that plaintiff was disabled.

The Court is mindful of Ninth Circuit authority suggesting that the "crediting as true rule" is not mandatory in the Ninth Circuit. See, e.g., Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). However, militating in favor of applying the "crediting as true" rule here is the fact that plaintiff now has been seeking benefits for over 6-1/2 years. See Hammock, 879 F.2d at 503, recently followed in Vasquez v. Astrue, - F.3d -, 2009 WL 1941485, *5 (Ninth Cir. July 8, 2009). Further, the Court already has remanded this matter once to allow the ALJ to specifically address and weigh Dr. Chung's opinions. For the Court to do so again would be to condone the ALJ's blatant violation of the Court's remand order.

The Court therefore has concluded that this is a case where remand for the payment of benefits is warranted.

Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for the payment of benefits.

DATED: July 21, 2009

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

5